# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| CARL PENDERGRAST,<br><br>  Plaintiff,<br><br>v.<br><br>MARY WEST, AUSTIN SWING, CHAD GRAHAM, JENNIFER LITTLE, CORRECTIONAL OFFICER MILLER, AND CORRECTIONAL OFFICER WATTS,<br><br>  Defendants. | No.  4:19-CV-027-HSM-SKL |

## MEMORANDUM OPINION

Plaintiff, a former inmate in the Bedford County Jail, filed a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 setting forth claims arising out of the conditions of his confinement and other alleged violations of his constitutional rights [Doc. 2]. On October 30, 2019, the Court entered an order providing that Plaintiff had fifteen days from the date of entry of the order to file an amended complaint [Doc. 6]. The Court also warned Plaintiff that if he failed to timely comply with that order, this case would be dismissed for want of prosecution and/or failure to comply with Court orders [*Id.* at 3]. More than three weeks have passed, and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 4] in this matter and has not responded to or complied with the Court's most recent order.

As the Court concludes that the relevant factors weigh in favor of dismissal of this action for the reasons set forth above, this action will be **DISMISSED** for want of prosecution and failure to comply with Court orders pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE